[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Connecticut Housing Finance Authority (CHFA) brings this action against the defendant Millpond Village Associates (Millpond) seeking a declaratory judgment determining that Millpond does not have the right to prepay a certain mortgage note to CHFA. Presently before the court is the plaintiff's motion for summary judgment The court concludes that the plaintiff is not entitled to summary judgment and that the issues between the parties must be resolved by trial.
Certain facts are undisputed. On June 24, 1974, CHFA lent Millpond the principal sum of $6,450,000, secured by a mortgage regulated by the provisions of the Connecticut Housing Finance Authority Act, C.G.S. 8-241 et seq. On July 30, 1976, CHFA lent Millpond an additional $402,000, likewise secured by a CHFA mortgage. The property itself consists of 361 low to moderate income housing units in "Mill Pond Village", located on Depot Street in Broadbrook, Connecticut. As a condition to the loan, Millpond entered into a Regulatory Agreement requiring it to use the loan proceeds to provide low and moderate income housing at Mill Pond Village. These two mortgages were subsequently modified by a Consolidation and Modification Agreement, dated July 30, 1976. The resulting mortgage was further modified in a Modification Agreement dated CT Page 6583 April 21, 1977, and again modified by a Forbearance and Modification Agreement executed on August 2, 1977. These documents collectively comprise the mortgage and agreement between the parties.
On March 14, 1988, Millpond tendered to CHFA the sum of $6,936,043, in full settlement of its obligations on the notes. CHFA refused the tender on the grounds that the relevant statutes and case law require CHFA's permission to prepay and that its permission had not been granted in the financing documents or otherwise. Both parties contend that the language of the mortgage notes and other documents supports their respective positions.
An examination of the relevant documents shows that there is no provision in any of them which expressly permits prepayment. Prior to the execution of the June 1974 and July 1976 notes, a provision in each of them was excised by CHFA, which stated as follows:
 Privilege is reserved to pay the debt in whole or in an amount equal to one or more mortgage payments on principal next due on the first day of any mortgage prior to maturity upon at least thirty days prior written notice to the holder.
However, other language concerning prepayment was left untouched in the notes. Thus, both notes and some of the other documents contain the following provisions:
 In the event of prepayment of principal during any one calendar year in an amount in excess of fifteen per cent (15%) of the original amount of the note, all parties liable for payment thereof hereby agree to be jointly and severally bound to pay to the holder for its own account a penalty or charge equal to three per cent (3%) of the amount of such excess less one eighth of one per cent (1/8 of 1%) for each twelve-month period which has elapsed since the date of the note.
 Notwithstanding any provision herein for a prepayment charge, such charge shall be applicable only to the amount of prepayment in any one calendar year which is in excess of fifteen per centum (15%) of the original principal sum of this Note.
On December 1, 1976, CHFA and Millpond executed a Forbearance and Modification Agreement under which Millpond was CT Page 6584 allowed to make payments of interest only through December 1, 1986. This agreement contained the following provision:
 All sums received by the mortgages shall be applied first to past due and then to next due payments of interest only or of interest or accruals under paragraph D hereof in the order in which they become due under the mortgage as modified by this Agreement. Any excess funds remaining after such application shall be applied by the mortgagee as a prepayment against the unpaid balance of the mortgage.
The relevant provision of the statutes is found in C.G.S. 8-253a(1), which reads, in part, "A loan hereunder may be prepaid after a period of twenty years or sooner with the permission of the authority (CHFA) . . . ." The issue here, therefore, is whether provisions in the documents executed by the parties amount to permission by CHFA to Millpond to prepay the notes.
Summary judgment may be awarded only in a case where there is no genuine issue of material fact. In this case, if the agreement between the parties is ambiguous as to whether permission was given to prepay, an issue of fact arises as to the intention of the parties. Stelco Industries, Inc. v. Bette, 2 Conn. App. 17, 22-23 (1984). The court concludes that the provisions of the agreements, noted above, do create an ambiguity with regard to the right to prepay. This is especially true in view of the rule that the language of a contract must be interpreted strictly against its author, CHFA in this case. Christensen v. Cutaia, 211 Conn. 613, 620
(1989). Although the specific permissive language was excised from the CHFA form, considerable language concerning prepayment was left intact. This raises a question as to what the parties intended by that language. Because the court concludes that an an issue of material fact exists, summary judgment is not available.
For all of the above reasons, the plaintiff's motion for summary judgment is denied.
MALONY, J.